UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON BRADLEY, SR.,

      Plaintiff,

  v.                                     Case No. 20-C-81

KYLE TRITT, et al.,

      Defendants.

## ORDER

Plaintiff Brandon Bradley, Sr., who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On February 11, 2020, the court screened Plaintiff's complaint and allowed him to proceed on an excessive force claim against Pohl, Wodack, Jones, and O'Neal; a retaliation claim against Pohl, Wodack, Jones, and O'Neal; and a failure to intervene claim against Tritt, Leopold, and Beahm. Presently before the court is Plaintiff's motion for leave to file an amended complaint. Rule 15 provides that a plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15. Therefore, the court will grant Plaintiff's motion and screen the amended complaint.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that, on March 15, 2018, at around 2:00 p.m., Dr. Terrie Van Ward, Nurse Jennifer Kacyon, and Crystal Marchant arrived at his cell door. Dr. Van Ward asked Plaintiff why he did not attend his appointment with her that day. Before he could respond, Dr. Van Ward told him that she wanted him to write an apology to her for missing the appointment and for "cussing out" Kacyon and Marchant. Dkt. No. 21-1 at 2. She stated that she would come back at 6:00 p.m. to get the letters. When she returned, Plaintiff did not have the letters but asked if she would cut off his Seroquel. Dr. Van Ward responded that she would not if he presented to his appointment next week. Plaintiff agreed. Later that night, he wrote an ICE and interview request slip regarding a HIPPA violation.

2

The next day, on March 16, 2018, at approximately 6:30 a.m., Sgt. Beahm came to Plaintiff's cell door and told him he was moving cells. Plaintiff was then escorted to the strip cage area where he waited for approximately five minutes. Sgt. Beahm advised that Plaintiff was going on a paper, pen, and linen restriction. At 6:50 a.m., Plaintiff was escorted to cell A227. After breakfast pass, Plaintiff threw water out of his cell door, striking CO Leopold's shoes. Captain Tritt came to Plaintiff's door with Bikowski and Sgt. Beahm and advised that Plaintiff was going on control status. Plaintiff cuffed up and was escorted to the strip cage area. Plaintiff alleges Bikowski, CO Wodack, CO O'Neal, and CO Jones began slamming his head on the strip cage door, stomping on his leg shackles, twisting his arms, and kneeing and elbowing Plaintiff while he was fully restrained and not resisting. CO Leopold held the camera and Sgt. Beahm and Captain Tritt supervised the incident. The staff conducted a strip search, unhooked Plaintiff from the door, and escorted him to the upper A range cell A227. Plaintiff faced forward and was not resisting. Plaintiff claims someone grabbed his head from behind and slammed it into the wall multiple times. Plaintiff was dragged nude down the hall and thrown into his cell. He asserts that his head was slammed against the wall three more times before he was uncuffed. Plaintiff claims Nurse Taplin was aware that he suffered a black eye, busted lip, black and blue marks on his body, and cuts to his arms and legs but did not treat his physical injuries.

In July 2018, Plaintiff attended a preliminary hearing for Case No. 18-cf-158, assault by a prisoner, for throwing water on CO Leopold's shoes. Plaintiff claims he reported two attacks during the hearing. He asserts that, in retaliation for reporting the incident, WCI altered and entered as an exhibit a training-day style video with a body double of Plaintiff. During an evidentiary hearing, Plaintiff cross-examined Captain Tritt to have the video tossed out to no avail. Plaintiff claims he also reported the attacks to the ICE Department, Brian Foster, Anthony Meli,

Cathy Jess, Kevin Carr, and Anthony Ashworth, who were the supervisors of the Restricted Housing Unit and its employees. He claims all of the defendants altered the video and incident reports, committed perjury, and hindered the investigation.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Based on the court's reading of the amended complaint, it appears Plaintiff is attempting to improperly bring unrelated claims in a single case. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a) of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover, the court in *George* reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id.* Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

4

occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. In this case, Plaintiff alleges that the defendants violated his rights in unrelated ways. Rather than dismiss the pleading with instructions to amend it, the court will allow Plaintiff to proceed on his related claims and dismiss the unrelated claims without prejudice, as explained in more detail below.

Plaintiff asserts that Bikowski, CO Wodack, CO O'Neal, and CO Jones violated his constitutional rights by using excessive force against him. The Supreme Court has held that the core judicial inquiry in an excessive force case is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Based on the allegations contained in the amended complaint, Plaintiff has stated a claim for excessive force under the Eighth Amendment against these defendants.

Plaintiff has also stated a failure to intervene claim against Tritt, Leopold, and Beahm. Under certain circumstances, "a state actor's failure to intervene renders him or her culpable under § 1983." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). An inmate asserting a failure to intervene claim against officers who were present when the inmate's constitutional rights were violated by a different officer must show that the officers had reason to know that excessive force was being used and the officers "had a realistic opportunity to intervene to prevent the harm from occurring." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Plaintiff claims Tritt, Leopold, and Beahm were present and observed Bikowski, CO Wodack, CO O'Neal, and CO Jones using excessive force but failed to intervene. At this stage, these allegations are sufficient to state a failure to intervene claim against Tritt, Leopold, and Beahm.

Plaintiff also asserts that Nurse Taplin was deliberately indifferent to his medical needs. The Eighth Amendment prohibits cruel and unusual punishments and imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials violate the Constitution if they are deliberately indifferent to a prisoner's medical needs. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Plaintiff may proceed on his deliberate indifference claim based on his allegations that Taplin failed to provide medical treatment for his physical injuries.

In addition, Plaintiff alleges that a number of other individuals violated his constitutional rights. The court will not allow Plaintiff to proceed with these unrelated claims against different defendants in a single action. *See George*, 507 F.3d at 609. These claims will therefore be dismissed without prejudice. Plaintiff may pursue these claims in separately filed actions consistent with *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), and Federal Rules of Civil Procedure 18(a) and 20. In short, Plaintiff may proceed on his excessive force claim against Bikowski, CO Wodack, CO O'Neal, and CO Jones; his failure to intervene claim against Tritt, Leopold, and Beahm; and his deliberate indifference claim against Taplin.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to file an amended complaint (Dkt. No. 21) is **GRANTED**. The Clerk is directed to detach and e-file the amended complaint (Dkt. No. 21-1).

**IT IS FURTHER ORDERED** that CO Bade, CO Pohl, Corene Giebel, Yana Pusich, Mr. Keepers, Anthony Meli, Brian Foster, Anthony Ashworth, Cathy Jess, Kevin Carr, Jennifer Kacyon, Crystal Marchant, and Dr. Van Ward are **DISMISSED** as defendants.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

Dated at Green Bay, Wisconsin this 28th day of February, 2020.

s/ William C. Griesbach<br>
William C. Griesbach, District Judge<br>
United States District Court