UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRANDON BRADLEY, SR.,

        Plaintiff,

   v.                                    Case No. 20-C-81

KYLE TRITT, et al.,

        Defendants.

---

## DECISION AND ORDER

---

On January 22, 2021, the Court granted Defendants' motion for summary judgment and dismissed this case. Dkt. No. 90. About a week later, plaintiff Brandon Bradley, who is representing himself, filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. Dkt. No. 92. Bradley does not address the substance of the Court's decision. Instead, he asserts that a conspiracy exists between the criminal and civil courts. The Court will deny his motion.

The Seventh Circuit has instructed courts to analyze a post-judgment motion based on the substance of the motion, not on the timing or label affixed to it. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Rule 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of the Court entering judgment. Rule 60(b) allows the Court to grant relief from a final judgment for a specific set of reasons, within a "reasonable time" after entry of judgment.

Bradley filed his motion a week after the Court entered judgment, so it was timely under Rule 59(e). "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can

demonstrate a manifest error of law or present newly discovered evidence." *Obriecht*, 517 F.3d at 494 (citations omitted). Bradley does not assert that the Court made a manifest error of law (he does not address the substance the decision), nor does his motion present any newly-discovered evidence. Thus, he is not entitled to relief under Rule 59(e).

Rule 60(b) allows the Court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Only subsection (b)(3)—fraud, misrepresentation, or misconduct by an opposing party—arguably applies. Bradley asserts there is a conspiracy, but his assertions are too vague and conclusory to warrant the extraordinary relief he requests. While he insists the civil and criminal courts are conspiring, he does not explain the contours of the so-called conspiracy. In fact, Bradley does not even know who is involved—he states only that he "possibly" has a document that identifies the individuals involved and that the document "may" include their email addresses. Because Bradley provides no evidence to support his allegations of misconduct, the Court will deny his motion for relief from judgment.

One final note, Bradley states that he plans to file more lawsuits in connection with this undefined conspiracy. The Court understands that Bradley is disappointed with the Court's ruling but warns him that filing frivolous or malicious lawsuits may result in him incurring a strike under 28 U.S.C. §1915(g).

2

**IT IS THEREFORE ORDERED** that Bradley's motion for relief from judgment (Dkt. No. 92) is **DENIED**.

Dated at Green Bay, Wisconsin this 1st day of February, 2021.

                                               s/ William C. Griesbach
                                               William C. Griesbach
                                               United States District Judge