UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON BRADLEY, SR.,

    Plaintiff,

v.                                                     Case No. 20-C-81

KYLE TRITT, et al.,

    Defendants.

## DECISION AND ORDER

On January 22, 2021, the Court granted Defendants' motion for summary judgment and dismissed this case. Dkt. No. 90. About a week later, Plaintiff Brandon Bradley, who is representing himself, filed a motion for relief from judgment. Dkt. No. 92. The Court denied the motion on February 1, 2021. Dkt. No. 93. The next day, Bradley filed a notice of appeal. Dkt. No. 95. Bradley's appeal was dismissed on May 28, 2021, based on his failure to pay the appellate filing fees. Dkt. No. 105-1. Nearly five months later, on October 19, 2021, Bradley filed a second motion for relief from judgment. Dkt. No. 108. Bradley asserts that Defendants misled him and the Court regarding the identity of one of the Defendants.

Rule 60(b)(3) allows the Court to relieve a party from final judgment upon a showing of fraud, misrepresentation, or misconduct by an opposing party. On April 1, 2020, the Court allowed Bradley to amend his complaint to name Kyle O'Neal rather than Thomas O'Neill as the proper defendant. Dkt. No. 37. On July 22, 2020, the Court granted Bradley's motion to replace Kyle O'Neal with Christopher O'Neal because the Wisconsin Department of Justice (DOJ) informed the Court that it could not identify any officer at Waupun named Kyle O'Neal. Dkt. Nos. 53, 39.

On September 24, 2020, the Court granted Bradley's motions to dismiss Christopher O'Neal. Dkt. No. 64. Bradley now asserts that Kyle O'Neal did in fact work at Waupun during the relevant time and that the DOJ misled him and the Court.

Bradley's only evidence of this alleged misrepresentation is that another inmate who was housed at Waupun in 2018 told him that an officer named Kyle O'Neal worked there at the relevant time. Bradley's assertion of what this inmate told him is hearsay and insufficient to support a finding that DOJ misled the Court and Bradley. In any event, the Court granted Defendants' motion for summary judgment because video evidence established that Defendants did not use excessive force during the strip search or while escorting Bradley to the control status cell. Dkt. No. 90 at 10-12. Accordingly, even if Kyle O'Neal did participate in the strip search and escort Bradley, it would not change the outcome of this case.

**IT IS THEREFORE ORDERED** that Bradley's second motion for relief from judgment (Dkt. No. 108) is **DENIED**.

Dated at Green Bay, Wisconsin this 20th day of October, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge